FILED

2017 AUG -1  PM 4:47

U.S. MAGISTRATE JUDGE

BY_____



# SEALED

Office of the United States Attorney
District of Nevada
501 Las Vegas Boulevard South,
Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336

STEVEN W. MYHRE
Acting United States Attorney
CRISTINA D. SILVA
Assistant United States Attorney
Nevada Bar Number 13760
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-5087
cristina.silva@usdoj.gov

*Counsel for the United States*

FILED

2017 AUG -1  PM 4:47

U.S. MAGISTRATE JUDGE

BY_____

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d). | Magistrate No.  2:17-mj-00822-NJK<br><br>**APPLICATION**<br><br>**(Under Seal)** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to Title 18, United States Code, Section 2703(d). The proposed Order would require AT&T Mobility LLC (hereinafter referred to as "AT&T") an electronic communications service provider, located in Lennox Park, Georgia, to disclose certain records and other information pertaining to the telephone number (562) 508-0693, as described in Part I of Attachment "A." The records and other information to be disclosed are described in Part II of Attachment "A" to the proposed Order. In support of this application, the United States asserts:

1

## LEGAL BACKGROUND

1. AT&T is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T to disclose the items described in Part II of Attachment "A." See 18 U.S.C. § 2703(c)(2) (Part II.A of Attachment "A"); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment "A").

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated as defined in 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information described in Part II of Attachment "A" are relevant and material to an ongoing criminal investigation.

## THE RELEVANT FACTS

4. The United States is investigating a series of armed robberies involving sportsbooks and jewelry stores in and around the Las Vegas, Nevada bv valley which occurred between January 3, 2017 and July 3, 2017. The robberies were carried out with a similar modus operandi. During the course of this investigation, a man named

Randy Humphrey was identified as one of the several subjects involved in the robberies attributed to the series. Investigators ultimately linked Humphrey to a vehicle which was used as the getaway vehicle in an armed robbery which was committed at the M Casino Sportsbook on July 3, 2017. This robbery was committed in a similar manner to other robberies attributed to this series. Pursuant to the instant investigation, Humphrey's cellular telephone number was identified as (562) 508-0693 (hereinafter referred to as the "target telephone"). A review of commercially available records has revealed that the target telephone is operated by the electronic communications service provider AT&T.

## REQUEST FOR ORDER

5. The facts set forth in the previous section show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment "A" are relevant and material to an ongoing criminal investigation. Specifically, these items will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that AT&T be directed to produce all items described in Part II of Attachment "A" to the proposed Order.

6. The United States further requests that the Order require AT&T not to notify any person, including the subscribers or customers of the account(s) listed in Part I of Attachment "A," of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote

3

computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

                                                    Respectfully submitted,

                                                    STEVEN W. MYHRE
                                                    Acting United States Attorney
                                                    District of Nevada

                                                    CRISTINA D. SILVA
                                                    Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| IN RE: APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d). | Magistrate No.<br><br>ORDER<br><br>(Under Seal) |

### ORDER

The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that the Court issue an Order requiring AT&T Mobility LLC (hereinafter referred to as "AT&T") an electronic communications service provider and/or a remote computing service located in Lennox Park, Georgia, to disclose the records and other information described in Attachment "A" to this Order.

The Court finds that the United States has offered specific and articulable facts showing that there are reasonable grounds to believe that the records or other information sought are relevant and material to an ongoing criminal investigation.

The Court determines that there is reason to believe that notification of the existence of this Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5).

**IT IS THEREFORE ORDERED,** pursuant to 18 U.S.C. § 2703(d), that AT&T shall, within ten days of the date of this Order, disclose to the United States the records and other information described in Attachment "A" to this Order.

**IT IS FURTHER ORDERED,** under 18 U.S.C. § 2705(b) that AT&T shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment "A," or to any other person, unless and until otherwise authorized to do so by the Court, except that AT&T may disclose this Order to an attorney for AT&T for the purpose of receiving legal advice.

Dated this 2nd day of August, 2017

_____
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT "A"

I. The Account(s)

The Order applies to certain records and information associated with the following telephone number: (562) 508-0693.

II. Records and Other Information to Be Disclosed

AT&T Mobility LLC (hereinafter referred to as "AT&T") is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), from January 1, 2017 until July 15, 2017:

A. The following information about the customers or subscribers of the Account:

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, [the following items apply only to cell phones:] Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));

      7.      Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

      8.      Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.    All records and other information (not including the contents of communications) relating to the Account, including:

      1.      Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses;

      2.      Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers); and

      3.      All data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from each cellular telephone or device assigned to the Account including for all data sessions; and any and all "per call measurement data" and or "RTT reports" associated with the Account during the authorized time period.